UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

INFINITY GENERAL CONSTURCTION
SERVICES, INC., a Florida Corporation,

    Plaintiff,

v.

                              Case No. 6: 23-CV-01071

CRYSTAL HOSPITALITY, LLC,
a Foreign Corporation, and
ARGONAUT INSURANCE COMPANY,
a Foreign Corporation,

    Defendants.
_____/

## ARGONAUT INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Argonaut Insurance Company ("Argo"), through counsel, and pursuant to Fed. R. Civ. P. 12, files its Answer and Affirmative Defenses to Plaintiff's, Infinity General Construction Services, Inc. ("Plaintiff"), Complaint ("Complaint"), [Doc. 1]. Argo responds to the correspondingly numbered paragraphs of the Complaint as follows:

### Parties, Jurisdiction and Venue

    1.    Without knowledge, therefore denied.

    2.    Without knowledge, therefore denied.

    3.    Admitted that Argo is a corporation organized and existing under the laws of the State of Illinois, which maintains its principal place of business and

corporate headquarters in Chicago, Illinois, and which is duly registered and authorized to conduct business in the State of Florida.

4. Without knowledge, therefore denied.

5. Argo does not contest jurisdiction in this Court. Otherwise, without knowledge, therefore denied.

6. Argo does not contest jurisdiction in this Court. Otherwise, without knowledge, therefore denied.

7. Argo does not contest venue in this Court. Otherwise, without knowledge, therefore denied.

8. Denied that Argo has waived the performance or occurrence of any condition precedent to the filing of this action. Otherwise, denied, as more fully set forth in Argo's Affirmative Defenses herein.

## **GENERAL ALLEGATIONS**

9. Admitted.

10. Admitted.

11. Admitted that, in or about December 2020, Plaintiff and 640 North Atlantic Hospitality, LLC ("640 NAH") entered into a contract for a project commonly referred to as the Renaissance Project, located in Daytona Beach, Florida (the "Project"). Otherwise, without knowledge, therefore denied.

12. Admitted that Plaintiff and Crystal Hospitality, LLC ("Crystal") entered into a Subcontract Agreement with an effective date of February 1, 2021 ("Subcontract"), with respect to the Project, and that a copy of said Subcontract

appears to be attached as Exhibit A to the Complaint. The Subcontract speaks for itself. Otherwise, denied.

13. The Subcontract speaks for itself. Otherwise, denied.

14. Without knowledge, therefore denied.

15. Admitted that, in connection with Crystal's work on the Project, Argo furnished an AIA A312-2020 Payment Bond and an AIA A312-2010 Performance Bond, both bearing Bond No. CMGP00004440, naming Crystal as Contractor and Plaintiff as Owner (separately referred to herein as the "Payment Bond" and the "Performance Bond," respectively, and collectively referred to herein at times as the "Bonds"). Further admitted that copies of the Payment Bond and Performance Bond appear to be attached as Exhibit B to the Complaint. The Bonds speak for themselves. Otherwise, denied.

16. Denied.

17. Without knowledge, therefore denied.

18. Admitted that a document titled "Change Order" is attached as Exhibit C to the Complaint, which speaks for itself. Otherwise, denied.

19. Denied.

20. Admitted that, on or about October 11, 2022, Plaintiff, through counsel, sent correspondence to Argo that purported to provide notice that Plaintiff was, among other things, considering declaring a Contractor Default under the Performance Bond. Otherwise, denied.

21. Without knowledge, therefore denied.

22. Admitted that a letter from Plaintiff, dated March 20, 2023, is attached as Exhibit D to the Complaint. Otherwise, denied.

23. Admitted that Argo, through counsel, sent correspondence to Plaintiff on or about May 5, 2023, a copy of which appears to be attached as Exhibit E to the Complaint, and which speaks for itself. Otherwise, denied.

24. Denied.

## Count I – Breach of Contract
## (Against Crystal)

This Count does not seek to state a cause of action against Argo. Therefore, Argo is not required to respond to the allegations of the count. If, however, it is deemed that any of the allegations of this Count apply to Argo, Argo denies all such allegations.

## Count II – Breach of Performance Bond
## (Against Surety)

34. Argo realleges and incorporates its response to paragraphs 1 through 24 above as if fully set forth herein.

35. Admitted that, in connection with Crystal's work on the Project, Argo furnished the Performance Bond, which speaks for itself. Otherwise, denied.

36. Denied.

37. Denied.

38. Denied.

Argo denies all allegations of the Complaint that it did not specifically admit herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against Argo are barred, in whole or in part, to the extent that Plaintiff failed to satisfy one or more conditions precedent or other conditions of the bonded Subcontract and/or the Performance Bond.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff waived and/or is estopped from pursuing any rights or claims it allegedly has under the Performance Bond because it failed to satisfy its obligations and duties under the bonded Subcontract and/or Performance Bond.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Argo are barred, in whole or in part, to the extent that Plaintiff participated in, caused, or contributed to the alleged damages Plaintiff seeks to recover in this action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Argo are barred, in whole or in part, to the extent that Plaintiff has failed to mitigate its alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

Argo, as surety, adopts as its own and as if fully set forth herein the claims and defenses of its principal, Crystal, and all other defenses, whether asserted or to be asserted in this matter.

**SIXTH AFFIRMATIVE DEFENSE**

Argo is entitled to a set-off and/or credit against Plaintiff's claim and alleged damages, if any, for all amounts that Plaintiff has not paid to Crystal under the bonded Subcontract or any other agreement between Plaintiff and Crystal. Argo, as surety, is legally and/or equitably subrogated to all claims of Crystal, its principal, the owner/obligee under the Bonds, and/or to any bonded Subcontract funds, and is entitled to cross-collateralize funds held by Plaintiff on other projects/contracts with Crystal, if any.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's recovery, if any, for all loss is limited to the penal sum of the Performance Bond.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Argo are barred to the extent they seek damages not expressly covered by the Bond.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff cannot maintain a claim against Argo because of Plaintiff's prior material breaches of the bonded Subcontract and/or the Performance Bond.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recovery herein because Crystal, as principal, faithfully performed or was otherwise discharged from performing the Subcontract. Having satisfied the condition of the Performance Bond, Plaintiff has no claim against Crystal, Argo, or the Performance Bond.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff improperly terminated Crystal from the Project despite Crystal performing the work in accordance with the terms of the Subcontract. Thus, Plaintiff is not entitled to recover any damages from Crystal, Argo, and/or the Performance Bond.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff terminated Crystal without cause and for its own convenience and, therefore, is not entitled to recover any damages against Crystal, Argo, and/or the Performance Bond.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the *Spearin* Doctrine because Crystal's work complied with the Subcontract and its incorporated drawings, specifications, and other documents. *See United States v. Spearin*, 248 U.S. 132 (1918). Neither Crystal nor Argo, as its surety, are responsible for damages resulting from defects or deficiencies in the drawings or specifications that neither Crystal nor Argo had involvement in developing or preparing, which were, instead, prepared and provided by 640 NAH's and/or Plaintiff's design professionals of record.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover damages for any harm it could have avoided through reasonable efforts or expenditures. *See, e.g., SC Loveland, Inc. v.*

*West Wing Towing*, 608 F. 2d 160 (5th Cir. 1979); *Jenkins v. Grahams*, 237 So. 2d 330 (Fla. 1970); *State ex. Rel. Dreskel v. City of Miami*, 13 So. 2d 707 (Fla. 1943).

## FIFTEENTH AFFIRMATIVE DEFENSE

Argo is not liable for damages herein because the alleged damages, if any, were the direct result of the acts, omissions, fault, negligence, contributory or comparative negligence, breaches of contract, and/or legal wrongdoing of 640 NAH, Plaintiff, the design professional of record and/or its sub-consultants, and/or other persons, firms, or entities whose names are not presently known to Argo and over whom neither Crystal nor Argo had control.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred based on the doctrine of impossibility of performance.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover its alleged damages from Crystal and/or Berkley because any such damages resulted from an intervening or superseding cause, and any action by Crystal and/or Berkley was not the direct cause of such damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the damages it seeks because any such damages will result, or have already resulted, in improvements, enhancements, or betterment, or to the extent that any remediation results in economic waste.

## **NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff cannot recover the damages it seeks because some or all of the alleged damages resulted, in whole or in part, by a force of nature. All or part of the alleged damages, therefore, were not the result of any negligence or breach and, instead, were caused by an "act of God" or "force majeure."

## **TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages must be reduced or set-off by any settlements reached with others or any collateral sources of recovery available to it and the amounts recovered or subsequently recovered from others for the alleged damages in accordance with the Collateral Source Rule/Doctrine.

## **DEMAND FOR ATTORNEYS' FEES AND COSTS**

Argo retained the undersigned attorneys to represent its interests in this matter and has agreed to pay its attorneys a reasonable fee. Under the terms of the Subcontract, which terms are expressly incorporated into the Performance Bond by reference, and applicable law, Argo is entitled to recover its attorneys' fees, costs, and expenses incurred in this action.

Respectfully submitted,

*/s/ Robert C. Graham, Jr.*
ROBERT C. GRAHAM, JR. ESQ.
Florida Bar No. 105951
Email: rgraham@pdtlegal.com
Secondary: mlewis@pdtlegal.com
PASKERT DIVERS THOMPSON
100 North Tampa Street, Suite 3700
Tampa, Florida 33602
(813) 229-3500 – Telephone

(813) 229-3502 – Facsimile
*Attorney for Argonaut Insurance Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 14, 2023, a copy of the attached was filed through the CM/ECF filing portal, with a copy sent to all counsel of record.

*/s/ Robert C. Graham, Jr.*
Attorney